UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY ROCKER #89917** | **CIVIL ACTION** |
| **versus** | **NO. 07-3357** |
| **WARDEN JEFFERY TRAVIS** | **SECTION: "I" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Johnny Rocker, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On September 26, 2000, he pled guilty to distribution of cocaine in violation of La.Rev.Stat.Ann. § 40:967. On that same date, he also pled guilty to being a second offender and was sentenced as such to a term of fifteen years imprisonment with the first five years to be served without benefit of probation, parole, or suspension of sentence.[2] He filed no appeal with respect to his conviction or sentence. Further, other than the instant application, he has filed no petitions, applications, or motions challenging his conviction or sentence in any state or federal court.[3]

On May 30, 2007, petitioner filed the instant federal application for *habeas corpus* relief.[4] The state argues that petitioner's application should be dismissed as untimely.[5] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction and sentence became final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).[6] As noted, petitioner pled guilty and was

---

[2] State Rec., Vol. I of II, minute entry dated September 26, 2000; State Rec., Vol. I of II, guilty plea form.

[3] See Rec. Doc. 1, *Habeas Corpus* Petition, answer to Question 10.

[4] Rec. Doc. 1.

[5] Rec. Doc. 9.

[6] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the

sentenced on September 26, 2000.  Therefore, his conviction and sentence became final on October 3, 2000, upon the expiration of his period for seeking direct review under state law.[7]  Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on October 3, 2001, unless that deadline was extended through tolling.

The Court first looks to statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, from October 3, 2000, through October 3, 2001, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[8]

---

instant case.

[7]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction in 2000, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 2000, September 30 was a Saturday and October 1 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction and sentence became final.

[8]  At some point, petitioner filed with the state district court a motion for production of transcripts and documents; however, it cannot be determined from the record when that motion was filed. Nevertheless, even if it were filed prior to October 3, 2001, it is of no consequence.  Motions seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, because petitioner is not entitled to either statutory or equitable tolling, his federal application for *habeas corpus* relief had be filed on or before October 3, 2001, in order to be timely.  Because his federal application was not filed until May 30, 2007,[9] it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Johnny Rocker be **DISMISSED WITH PREJUDICE**.

---

preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[9] Petitioner signed his federal application on May 30, 2007. Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of September, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**